**Brian K. Stewart, Esq. (State Bar No. 126412)**
**Erin R. Dunkerly, Esq. (State Bar No. 260220)**
**Rebecca E. Hunter, Esq. (State Bar No. 271420)**
**COLLINS COLLINS MUIR + STEWART LLP**
**1100 El Centro Street**
**South Pasadena, CA 91030**
**(626) 243-1100 – FAX (626) 243-1111**
**Email: bstewart@ccmslaw.com**
**Email: edunkerly@ccmslaw.com**
**Email: rhunter@ccmslaw.com**

Attorneys for Defendants
COUNTY OF LOS ANGELES; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW NEWELLS; TEVYE NGUYEN; T.N., a minor by and through Guardian ad Litem, Matthew Newells; M.N., a minor by and through Guardian ad Litem, Matthew Newells;<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF LOS ANGELES; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; UNIDENTIFIED DEPUTIES; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. 2:19-cv-08384 SVW(JCx)<br>*[Assigned to District Judge Stephen V. Wilson in Courtroom 10A]*<br><br>**MODIFIED PROTECTIVE ORDER TO PROTECT CONFIDENTIAL INFORMATION**<br><br>**[CHANGES MADE BY COURT TO PARAGRAPH NO. 4 NUMBERING AND CURRENT PARAGRAPH NOS. 4, 4a, 4c, 4j, 4l, 4m, 6]**<br><br>**Complaint Filed: 03/05/19**<br><br>**Trial Date: 08/04/20** |

*21959*

**MODIFIED PROTECTIVE ORDER**

Based upon the stipulation of the parties and GOOD CAUSE APPEARING, IT IS ORDERED THAT pursuant to Federal Rules of Civil Procedure Rule 26(c), the following information is protected and precluded from publication as follows:

1. Vehicle pursuit training information and evaluations contained in the personnel files of DEPUTY GEORGE HANLEY, DEPUTY SCOTT SHEAN, DEPUTY CESAR VILANOVA and DEPUTY WILLIAM WARNER, or any other deputy which is confidential and has not been made public, including any and all citizen's complaints and/or complaints, reviews, or discipline initiated by other law enforcement personnel within the last five years that assert any of the following allegations: regarding vehicle pursuit training and evaluations of tactics and/or conduct.

2. Information contained in the investigation reports into vehicle pursuit training and evaluations, which are confidential and have not been made public.

3. Good cause exists for issuance of a protective order pursuant to Federal Rule of Civil Procedure Rule 26(c) to facilitate the production of documents and information responsive to the discovery requests of Plaintiffs and to balance the privacy interests and protection of information afforded to law enforcement officers in the state of California including DEPUTY GEORGE HANLEY, DEPUTY SCOTT SHEAN, DEPUTY CESAR VILANOVA and DEPUTY WILLIAM WARNER that DEFENDANTS contend is statutorily deemed confidential and protected by California Evidence Code section 1040 *et seq.*, the privilege for official information (*Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990)), California Penal Code section 832.5 *et seq.,* and California Evidence Code sections 1043 and 1045. Good cause further exists because if this confidential information were made public in this proceeding, it could allow for misuse of the peace officer personnel information and other official information in other judicial and administrative proceedings. Additionally, all named deputies are currently active peace officers, some or all of whom regularly work in the field; therefore, if this confidential information were

*21959*

**MODIFIED PROTECTIVE ORDER**

made public, the information could be misused in ways that endanger the lives of the officers and their families, or interfere with their law enforcement duties.

IT IS FURTHER ORDERED THAT:

4. The information and/or documentation referred to in paragraphs 1 and 2 above will be referred to collectively as the "CONFIDENTIAL INFORMATION." The CONFIDENTIAL INFORMATION shall be released to PLAINTIFFS' counsel for purposes of litigation in this matter only. The CONFIDENTIAL INFORMATION shall be used in this litigation as follows:

   a. CONFIDENTIAL INFORMATION shall be used solely in connection with this litigation and the preparation of this case, or any related appellate proceeding, and not for any other purpose, including any other litigation or administrative proceedings. Further, PLAINTIFFS' Counsel shall not share the actual personnel files with PLAINTIFFS although counsel may discuss information obtained from those documents with PLAINTIFFS.

   b. CONFIDENTIAL INFORMATION produced in this action may be designated by DEFENDANTS by marking each page of the document(s) with a stamp stating "CONFIDENTIAL".

   c. Testimony taken at a deposition may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately. To the extent CONFIDENTIAL INFORMATION is the subject of testimony at a court hearing or trial, its treatment shall be determined by the presiding judge. This Order does not govern the use of CONFIDENTIAL INFORMATION during a court hearing or trial.

*21959*

3

**MODIFIED PROTECTIVE ORDER**

d.  At any time after receipt of documents labeled "CONFIDENTIAL," PLAINTIFFS may provide DEFENDANTS with a written objection to the classification of specific documents as "CONFIDENTIAL" and the basis for PLAINTIFFS' objection. Upon receipt of such written objection, the DEFENDANTS shall provide a written response to PLAINTIFFS within three business days. If the DEFENDANTS do not agree with the position of PLAINTIFFS, the PLAINTIFFS shall have the option of proceeding with a discovery motion, pursuant to Local Rule 37 *et seq.*, contesting the confidential nature of the disputed documents. The parties shall comply with the meet and confer requirements of Local 37 *et seq.* prior to the filing of any such motion. The DEFENDANTS shall bear the burden of establishing the confidential nature of the disputed documents.

e.  Under no circumstances shall the CONFIDENTIAL INFORMATION, or the information contained therein, be retained, compiled, stored, used as a database, or disseminated, in any form, except for purposes of this litigated matter in accordance with this Protective Order or by further order of the Court.

f.  DEFENDANTS reserve all objections, including but not limited to the following objections: on grounds that particular documents are CONFIDENTIAL by the attorney-client privilege and/or the attorney work product doctrine; official information privilege; are not likely to lead to the discovery of admissible evidence, and as such are not relevant to the causes of action raised by this lawsuit under Federal Rules of Civil Procedure, Rule 26(a)(1)(A)(B); and all remedies under the code, including the right to recess the deposition to bring a protective order before the Court.

g. PLAINTIFFS reserve all rights and remedies under the Federal Rules of Civil Procedure and the Federal Rules of Evidence pertaining to discovery.

h. CONFIDENTIAL INFORMATION and the information contained therein may not be disclosed, except as set forth in paragraph 4(i) below.

i. CONFIDENTIAL INFORMATION may only be disclosed to the following persons:

   i. Counsel for PLAINTIFFS.

   ii. Paralegal, law clerk, stenographic, clerical, and secretarial personnel regularly employed by counsel referred to in paragraph 4(i)(i) above.

   iii. Court personnel, including stenographic reporters, necessary for the preparation and processing of this action.

   iv. Any expert or consultant retained in the instant case.

   v. Any individual approved by the Court.

   vi. PLAINTIFFS shall be authorized to review CONFIDENTIAL INFORMATION, subject to the limitations set forth in paragraph 4(a).

j. CONFIDENTIAL INFORMATION shall not be divulged to any other person or entities, including the print, radio, television, or any other media absent a Court order.

k. CONFIDENTIAL INFORMATION shall not be posted on the internet or on any website.

l. If CONFIDENTIAL INFORMATION is included in any papers to be filed in Court, such papers shall be labeled "Confidential – Subject to Court Order" and shall be submitted for filing under seal in accordance with Local Rule 79-5.

m. In the event that any of the CONFIDENTIAL INFORMATION is used in any Court proceeding in this action, it shall not lose its confidential status through such use, and the party using CONFIDENTIAL INFORMATION shall take all reasonable steps to maintain its confidentiality during such use, including but not limited to redaction and/or the submission of documents for filing under seal in accordance with Local Rule 79-5.

n. Nothing in paragraph 4(e) is intended to prevent authorized government officials for the County of Los Angeles or the Los Angeles County Sheriff's Department from having access to the documents if they had access in the normal course of their job duties.

5. PLAINTIFFS, PLAINTIFFS' Counsel, DEFENDANTS, and DEFENDANTS' Counsel shall cause the substance of this Protective Order to be communicated to each person to whom CONFIDENTIAL INFORMATION is revealed and/or disseminated and shall obtain agreement to abide by the Protective Order from each such person.

6. After completion of the judicial process in this case, including any appeals or other termination of this litigation, all CONFIDENTIAL INFORMATION received under the provisions of this Order and copies – other than CONFIDENTIAL INFORMATION and copies in the possession of the Court/Court personnel -- shall be destroyed or returned to the attorneys of record for DEFENDANTS, Collins Collins Muir + Stewart LLP, 1100 El Centro Street, South Pasadena, CA 91030. This case shall be completed when (i) a final judgment has been entered by the Court or the case has otherwise been dismissed with prejudice; (ii) the time for any objection to or request for reconsideration of such a judgment or dismissal has expired; (iii) all available appeals have concluded or the time for such appeals has expired; and

///

*21959*

**MODIFIED PROTECTIVE ORDER**

(iv) any post appeal proceedings have themselves concluded. The provisions of this Order shall be in effect until further order of this Court.

7. Any counsel, expert, or consultant retained in the instant case or investigator retained by counsel for any party to this case, shall not disclose the CONFIDENTIAL INFORMATION or the information contained therein in to any other persons or entities for any reason, nor in any other court proceeding subject to further order of this Court.

8. Provisions of this Order insofar as they restrict disclosure and the use of material shall be in effect until further order of this Court.

9. For good cause, any party may seek a modification of this Order, by first attempting to obtain the consent of the other parties to such modification, and then, absent consent, by application to this Court.

IT IS SO ORDERED.

DATED: March 18, 2020

_____/s/_____
Hon. Jacqueline Chooljian
United States Magistrate Judge

COLLINS COLLINS
MUIR + STEWART LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111